## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  September 25, 2014                105733
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
               Respondent,

     v                              MEMORANDUM AND ORDER

ANTHONY M. BURKHART JR.,
               Appellant.
_____


Calendar Date:  August 4, 2014

Before:  Lahtinen, J.P., McCarthy, Egan Jr., Devine and
        Clark, JJ.

_____


     Dean C. Schneller, Plattsburgh, for appellant, and
appellant pro se.

     Andrew J. Wylie, District Attorney, Plattsburgh (Nicholas
J. Evanovich of counsel), for respondent.

_____


     Appeal from a judgment of the Supreme Court (Lawliss, J.),
rendered February 4, 2013 in Clinton County, which revoked
defendant's probation and imposed a sentence of imprisonment.

     Defendant was convicted in October 2012 of criminal
possession of a weapon in the third degree and rape in the third
degree and was sentenced to lengthy terms of probation for both
crimes.  He was charged with violating the terms of his probation
in November 2012 by failing to notify his probation officer that
he had been ordered to move out of his approved residence and
that he had been in contact with the police, by using the
Internet to view pornography, and by failing to participate in
substance abuse treatment.  Defendant admitted to the violations,
after which Supreme Court revoked his probation and resentenced

him to an aggregate prison term of six years, to be followed by postrelease supervision of 10 years (see Penal Law § 70.30 [1] [d]).  He now appeals, contending solely that the sentence imposed was harsh and excessive.

We disagree and affirm.  Defendant's conviction arose from an incident wherein he forced himself upon a woman and then, brandishing a box cutter, prevented her from leaving.  Supreme Court noted in resentencing defendant that it had initially been willing to show leniency, notwithstanding the serious nature of his crimes, because of his extremely difficult upbringing, mental health challenges and substance abuse issues.  Defendant's immediate disregard of the terms of his probation led Supreme Court to the conclusion, however, that a lengthy prison term was necessary in order to protect the general public.  Under these circumstances, we discern neither an abuse of discretion by Supreme Court nor the existence of any extraordinary circumstances that would warrant a reduction of the resentence in the interest of justice (see People v Long, 47 AD3d 1130, 1130 [2008]; People v Gurrola, 43 AD3d 1230, 1231 [2007]).

Lahtinen, J.P., McCarthy, Egan Jr., Devine and Clark, JJ., concur.


ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court